UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHARLES OLSON,<br><br>Defendant. | 3:19-CR-30133-RAL<br><br><br>OPINION AND ORDER GRANTING COMPASSIONATE RELEASE WITH CONDITIONS |

I.  **Factual Background**

On February 28, 2020, defendant Charles Olson pled guilty to conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. Doc. 36. On June 1, 2020, Olson was sentenced to 84 months in prison and 4 years of supervised release. Doc. 52. Olson is currently incarcerated at the Butner Federal Medical Center (FMC) in Butner, North Carolina. (https://www.bop.gov/inmateloc/ Federal Register No.: 18325-273). He is scheduled to be released on September 21, 2025. (https://www.bop.gov/inmateloc/ Federal Register No.: 18325-273).

Olson has now been diagnosed with malignant neoplasm of the esophagus, which is a terminal cancer, and makes a motion to reduce his sentence under 18 U.S.C. 3582(c)(1)(A) based on the diagnoses. Doc. 58 at 705. On February 24, 2021, a "provider determined that Mr. Olson [met] the RIS criteria under Terminal Medical Condition, as he has a life expectancy of 6 to 9 months." Doc. 58 at 640. Olson was admitted to the hospital in late August and underwent a

1

procedure to relieve pain caused by compression on his spine due to the cancer. Doc. 59 at 13. An MRI in August showed a new mass compressing his spine consistent with metastatic disease. Doc. 63.

Olson submitted an administrative request for a reduction in sentence based on his terminal medical condition on February 2, 2021. Doc. 54 at 264. The warden denied his request on March 25, 2021, and noted that while Olson met the medical criteria for compassionate release, he had not yet provided a viable release plan. Doc. 54 at 265. After working with a BOP social worker, Olson provided a new release plan in April 2021. Doc. 54 at 85,101,118,122. The social worker verified the new release plan and forwarded the updated information to the case manager for processing. Doc. 54 at 85. The most recent filing from the defendant stated that Olson's compassionate release request is pending with the warden at Butner FMC and had been referred to BOP's Office of General Counsel awaiting review. Doc. 62 at 2.

**II.     Discussion**

In general, sentences are considered final judgments as a court ordinarily "may not modify a term of imprisonment once it has been imposed." 18 U.S.C.A. § 3582(c); United States v. Hodgin, No. 4:15-CR-40110-02-KES, 2021 WL 928179, at *1 (D.S.D. Mar. 11, 2021). However, in 2018, Congress passed the First Step Act (FSA), Pub. L. No. 115-391, 132 Stat. 5194 (2018), which amended 18 U.S.C. § 3582(c)(1)(A) to permit incarcerated defendants to file motions directly with the court seeking compassionate release once they have exhausted administrative remedies. United States v. Rodd, 966 F.3d 740, 744 (8th Cir. 2020). "The inmate also may go directly to the court if the warden of the inmate's facility does not respond to the inmate's compassionate-release request within 30 days." Id. "Compassionate release provides a narrow path for defendants with 'extraordinary and compelling reasons' to leave prison early." Hodgin,

2021 WL 928179, at *1 (citing 18 U.S.C. § 3582(c)(1)(A)(i)). "The burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c) rests with the defendant." United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016).

When evaluating a compassionate release petition, courts consider the sentencing factors in 18 U.S.C. § 3553(a) and ensure any potential reduction is consistent with the policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A); see Hodgin, 2021 WL 928179, at *1. The factors in 18 U.S.C. § 3553(a), in addition to considering the advisory guideline range in the Guidelines Manual, include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available[.]

Olson's advisory guideline range was 78 to 97 months based on a total offense level of 28 and a criminal history category of I. Doc. 47. This Court's sentence was in the middle of the guideline range. Olson's offense was very serious. Olson for about a year with others obtained methamphetamine in Denver, transported it to South Dakota, and sold it in and around central South Dakota. Doc. 47. The sentence imposed reflected the seriousness of the offense, promoted respect for the law, provided just punishment, deterred the conduct, and protected the public. Olson, however, is non-violent and has a solid work history. Olson does not have an ugly criminal history, and no guns were involved in the offense of conviction. Olson's current medical condition

makes it highly improbable that he could resume the criminal activity that resulted in his federal conviction.

The Sentencing Commission's policy statement, which was adopted before the FSA was passed, demands "extraordinary and compelling reasons" to warrant a sentence reduction as well as requiring that the defendant not pose a danger to the safety of others. Hodgin, 2021 WL 928179, at *2 (citing USSG § 1B1.13(1)-(2) (Nov. 2018)). Yet Congress has not defined what constitutes "extraordinary and compelling reasons." See 28 U.S.C. § 994(t). "The Sentencing Commission was directed to describe what should be considered extraordinary and compelling reasons and fashion 'the criteria to be applied and a list of specific examples.'" Hodgin, 2021 WL 928179, at *2 (quoting 28 U.S.C. § 994(t)). The Sentencing Commission characterized "extraordinary and compelling reasons" as pertaining to (1) the medical condition of the defendant, (2) time served in combination with advanced age and deteriorating health conditions, (3) compelling family circumstances, and (4) a catch-all category of "extraordinary and compelling reason[s] other than, or in combination with, the reasons described" previously as determined by the Director of the Bureau of Prisons. USSG § 1B1.13, cmt. n.1(A)-(D). The Sentencing Commission specifically referenced "terminal illness (i.e., a serious and advanced illness with an end of life trajectory)" as an "extraordinary and compelling reason" that may justify compassionate release. USSG § 1B1.13, cmt. n.1(A)(i). Although a specific prognosis of life expectancy is not required, the Commission listed the following conditions as terminal illnesses: metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia. USSG § 1B1.13, cmt. n.1(A)(i).

Olson has exhausted his administrative remedies as he filed his petition with the BOP over 30 days ago. Doc. 56 at 4. Given the advanced stage of Olson's cancer, his circumstances qualify

as "extraordinary and compelling reasons" and justify compassionate release. Although Olson has only served less than one-third of the full term of his 84-month sentence, his deteriorating health conditions combined with proper home confinement can ensure his release will not pose a threat to public safety.

In early April of 2021, Olson proposed a release plan summarized in BOP records as follows

> On 4/7, SW received a new release plan from IM Olson. He stated that he planned to live with his ex-wife, Elizabeth Olson, and her partner, Gary Dvorack, at 107 N Commercial Avenue, St. Lawrence, SD 57373. SW contacted Ms. Olson at (605) 871-9812 to confirm this plan. Ms. Olson affirmed that she understands IM Olson's diagnosis and prognosis and is willing to accept caregiving and financial responsibility. She stated that she is familiar with community resources and will help IM Olson get connected to benefits and medical care. She advised that the Avera Hand County Memorial Hospital, located at 300 W. 5th Street, Miller, SD 57362 was near her home. She also stated that IM Olson's daughter, Billie Olson, and sister, Carol Ames, are willing to share the financial responsibility and will support her in connecting him to resources and caregiving although they do not live in the same town. On 4/8, SW routed IM Olson's complete RIS packet to Case Management for processing. On 4/21, SW contact Case Management in regards to the status of Mr. Olson's RIS request and CM advised that it was still processing. On 4/22, CM advised that IM Olson's packet was routing for signature. SW will continue to follow up.

Doc. 54 at 85. Olson's presentence investigation report revealed that Olson and his ex-wife have worked together to raise children post-divorce, and there is no record of any domestic violence between them. Doc. 47.

Therefore, it is hereby

ORDERED that Olson's Emergency Motion for Compassionate Release, Doc. 56, is granted. It is further

ORDERED that Olson's term of imprisonment is reduced to time served, subject to the following conditions. It is further

ORDERED that the Bureau of Prisons release Olson within fourteen days of receipt of this Opinion and Order on the following conditions:

1. Under 18 U.S.C. § 3582(c)(1)(A), Olson's supervised release is extended from 4 years to 8 years.
2. Olson is released to his ex-wife Elizabeth Olson and shall be on home confinement at her residence in St. Lawrence, South Dakota, or in a hospital or skilled nursing facility as necessary in Miller, South Dakota, until and unless ordered otherwise by this Court.
3. Olson once under supervision of the probation office shall enter into and abide by the terms of the District of South Dakota Home Confinement Participant Agreement, including electronic monitoring in the discretion of the probation office.
4. The mandatory, standard, and special conditions contained in the Judgment in Criminal Case, Doc. 52, shall remain in place. A copy of pages 3, 4 and 5 of that Judgment containing those conditions is attached hereto.
5. Olson shall self-quarantine for a period of 14 days after release unless he has been fully vaccinated against Covid-19 and has a negative test result within 48 hours of release from BOP custody.

It is further

ORDERED that execution of this order is stayed for 14 days to allow the BOP and United States Probation an opportunity to make the necessary arrangements for Olson's release, including any necessary quarantine. The Clerk of Court is directed to send a copy of this Opinion and Order forthwith to the BOP facility where Olson is confined. It is finally

ORDERED that an amended judgment will enter separately to reflect the amended sentence and all conditions of supervision.

DATED this 30th day of September, 2021.

                           BY THE COURT:

                           ROBERTO A. LANGE
                           CHIEF JUDGE